NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0898n.06

Case No. 13-2674

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

RUTH JARRETT-COOPER,                    )
                                        )
          Plaintiff-Appellant,          )
                                        )
and                                     )
                                        )
EXCLUSIVE EVENTS &                      )
ACCOMMODATIONS, LLC; BYRON TRICE;       )     ON APPEAL FROM THE UNITED
DELICIA JACKSON; URBAN PLAYS LLC;       )     STATES DISTRICT COURT FOR
ANGELA BARROW,                          )     THE EASTERN DISTRICT OF
                                        )     MICHIGAN
          Plaintiffs,                   )
                                        )
v.                                      )
                                        )
UNITED AIRLINES, INC.,                  )
                                        )
          Defendant-Appellee.           )
                                        )
_____/

FILED
Dec 03, 2014
DEBORAH S. HUNT, Clerk

Before: Merritt, Gibbons, and Donald, Circuit Judges.

**MERRITT, Circuit Judge.** Travel agent Ruth Jarrett-Cooper sued United Airlines in state court after the airline repeatedly failed to honor tickets Jarrett-Cooper purchased on behalf of her clients. Preferring a federal forum, United's attorneys removed the case to federal district court, building their argument for diversity jurisdiction on an unrealistic valuation of the injunctive relief requested. The district court denied Jarrett-Cooper's repeated motions to

remand. Because the actual value of this controversy is less than United proffers, we find the federal courts have no jurisdiction over this case.

## I.

Jarrett-Cooper joined with several clients to sue United to address an emerging pattern that made it impossible for them to know if United would honor confirmed tickets: Jarrett-Cooper booked tickets with United for several clients in two transactions. United confirmed the purchases by email. Then, acting on the basis of a factually inaccurate report of fraud linked to Jarrett-Cooper's email address, United cancelled the tickets without contacting Jarrett-Cooper or her clients. Clients with confirmed reservations arrived at the airport to find they had no seats on United's flights.

Jarrett-Cooper and her clients sought ambiguous injunctive relief and damages that ultimately aggregated to $53,360.06—satisfying the jurisdictional requirements of the state court but falling well short of the $75,000 amount-in-controversy threshold for diversity jurisdiction in the federal courts. *See* 28 U.S.C. § 1332 (2012). United removed the case, initially aggregating Jarrett-Cooper's damage claims with "the value of the injunctive relief . . . (i.e., the value of the continued existence of their business serving entertainers, professional athletes, and touring theater groups)" to clear the $75,000 threshold. Def.'s Notice Removal 5. Jarrett-Cooper moved repeatedly for remand.

Opposing remand, United relied on a United employee's declaration that it would cost well over $75,000 to "completely revise [United's] established ticket fraud procedures and computer systems so that no suspected fraudulent ticket transaction could be denied when United is unable to contact the cardholder to investigate suspected fraudulent activity." Decl. Susan Mannette 2–3. Jarrett-Cooper insisted instead that "[a]ll that United would be required to do is

to purge its computers of whatever misinformation it has about any of the Plaintiffs and to at least notify them when a fully processed transaction is . . . reversed." Pl.'s Reply Br. Mot. Remand 4. The district court agreed with United and retained jurisdiction over the case and eventually rendered a final judgment on the merits. This appeal followed.

## II.

Federal diversity jurisdiction is currently limited to "civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a) (2012); *see Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011). When a plaintiff files a case in state court that could have been brought in a federal district court, a defendant may invoke the removal statute, 28 U.S.C. § 1441, to secure a federal forum. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005)). In a removal case based on diversity jurisdiction where the state complaint does not show a sufficient amount in controversy, the defendant "may assert the amount in controversy" and then prove "by the preponderance of the evidence[] that the amount in controversy exceeds [$75,000]." 28 U.S.C. 1446(c)(2) (2012); *see* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3725.1 (4th ed. 2009 & Supp. 2014).

Neither party suggests that any plaintiff's damages would meet the amount-in-controversy requirement, so United's only option for securing diversity jurisdiction was to assign an unrealistic value to its response to the injunctive order. At one point, Jarrett-Cooper did "submit that the defendant should be precluded from cancellation of any tickets without notifying the booking agent, cardholder, and passenger involved." Br. Supp. Renewed Emergency Mot. Remand 6. United ignored her repeated motions to remand and her efforts to clarify the scope of the requested relief and remained fixated on an overly-broad injunction that

Jarrett-Cooper had no grounds to request. Accordingly, United contended that the injunction Jarrett-Cooper requested would force it to completely overhaul its worldwide operations and retrain "all personnel involved in its credit card and fraud protection department," at a cost far exceeding $75,000. *See* Decl. Susan Mannette 2–3.

United's estimate does not offer a reasonable measure of the amount in controversy, however, because United could have complied with any injunction addressing the *actual* controversy by deleting the erroneous fraud report linked to Jarrett-Cooper's email address. The injunctive relief sought an outcome—an end to surreptitious cancellations—without specifying a mechanism because only United knew that the misleading fraud notation was the root of the ongoing controversy. The expansive scope of United's speculative remedy is particularly inappropriate when Jarrett-Cooper identified herself as the "sole common denominator" in the problematic cancellations and speculated (accurately) that United's system "targeted that booking agent for reasons unknown to any of the Plaintiffs." Br. Supp. Ex-Parte Mot. Prelim. Inj. 5. United's complete overhaul is incommensurate with Jarrett-Cooper's limited request that United "honor its tickets." *Id.* at 7.

### III.

United never proved the amount in controversy by any standard because it never demonstrated a logical connection between its speculative amount and the actual controversy. Its preference for a federal forum cannot expand the subject matter jurisdiction of the federal courts beyond the limits set by Congress. We therefore reverse the district court's denial of Jarrett-Cooper's motion to remand, vacate the district court's subsequent orders for lack of jurisdiction, and remand the case with instruction to grant the remand motion.